IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBI LOUAINE PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1295-R |
| | ) | |
| RICHARD DARBY, District Judge | ) | |
| of Greer County, Oklahoma; and | ) | |
| E. SCOTT PRUITT, Oklahoma | ) | |
| Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Bobbi Parker (Petitioner) seeks to invoke the court's jurisdiction under 28 U.S.C. § 2254 to secure a writ of habeas corpus in connection with her conviction in the District Court of Greer County, Case No. CF-2008-41, for the crime of Assisting Prisoner to Escape. Doc. 1.[1] The question now at issue is whether Petitioner met the custody requirement of § 2254(a) when she filed her habeas petition on December 9, 2013.

I.  **The custody requirement.**

"Section 2254(a) requires a petitioner to be in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties

---

[1] Petitioner is represented by counsel. Counsel states that he "was hired and paid to represent [Petitioner] at the trial [and] now appears in all appellate attempts pro bono seeking justice for [Petitioner]." Doc. 1, at 17.

of the United States. The custody requirement is jurisdictional." *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) (internal quotation marks omitted). "A petitioner must satisfy the custody requirement at the time the habeas petition is filed." *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). But a petitioner "need not . . . show actual physical custody to obtain relief." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam)). "The writ is available in situations where a state-court criminal conviction has subjected the petitioner to 'severe restraints on [his or her] individual liberty.'" *Id.* (quoting *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973)).

Petitioner readily acknowledged in her December 9, 2013 petition that she had been discharged from the Oklahoma Department of Corrections after serving a one-year sentence and, accordingly, was "not currently in the physical custody of the State of Oklahoma." Doc. 1, at 16, 29.[2] Nonetheless, she claimed to satisfy the jurisdictional requirements of § 2254 because she "is currently under threat of instant incarceration for payment of court costs to the Greer County District Court . . . ." *Id.* at 29. In addition, she maintained that she suffers from specific collateral consequences of her conviction. *Id.* at 33. These include her inability to vote; sit on a jury; run for public office for fifteen years; be employed by the State; bear arms; or be employed as a professional in certain

---

[2] Citations reflect this Court's CM/ECF pagination.

2

fields. *Id.* at 33-34. She alleged that "[a]s a result of her conviction, [she] has lost her job. She can no longer be an educator." *Id.* at 34. Petitioner argued that "[t]hese collateral consequences are significant and sufficient for the Court to consider her 'in custody' for purposes of Section 2254." *Id.*

## II. Relevant factual background, Petitioner's requested habeas relief, and procedural background.

### A. Relevant factual background.

#### 1. Denial of transcript at state expense.

Petitioner recites the following history. Her jury trial, with named Respondent District Judge Richard Darby presiding, began on May 16, 2011, and concluded on September 21, 2011. *Id.* at 14. The jury found Petitioner guilty. *Id.* The State court sentenced her to a one-year term of imprisonment on November 7, 2011, and she then filed a notice of her intent to appeal and an application for a transcript of the proceedings against her to be provided at the State's expense – estimated at $100,450.00. *Id.* at 22 & Exs. 6, 7.

The trial court denied Petitioner's application for a transcript at state expense on January 12, 2012. Doc. 1, at 22 & Ex. 13 (finding Petitioner unable to establish she lacked "the means to pay for the transcript of the proceedings"). Petitioner sought relief from the Oklahoma Court of Criminal Appeals (OCCA). Doc. 1, at 22-23. That court denied the petition for extraordinary relief on

3

March 15, 2012, finding "no abuse of discretion" by the trial court in denying Petitioner transcripts and exhibits at public expense. *Id.* at 23 & Ex. 18.

The Oklahoma Department of Corrections discharged Petitioner on April 5, 2012. Doc. 1, at 16; Doc. 11, Ex. 4. On May 16, 2012, the OCCA dismissed Petitioner's direct appeal because "the appeal record ha[d] not been filed." Doc. 1, at 24 & Ex. 26. Petitioner filed this action on December 9, 2013. Doc. 1.

### 2. Order to pay costs.

Following Petitioner's discharge, the trial judge ordered her to appear at a hearing on the costs of her trial. *Id.* at 1 & Ex. 3. He advised that "[f]ailure for you to appear at this hearing will result in a bench warrant being issued for your arrest." Doc. 1, at Ex. 3. At the conclusion of the hearing, he found that Petitioner was financially unable to immediately pay the costs imposed by her judgment and sentence – over $60,000 – and ordered that she pay in installments of $100 per month. *Id.* at 16 & Ex. 4.

### B. Requested habeas relief.

Petitioner complains that she was "denied her right to appeal her conviction" because the State courts have refused to provide her, an indigent, with a trial transcript at public expense. Doc. 1, at 17.[3] She asserts that "[t]he

---

[3] Petitioner submits that "according to the Oklahoma State Courts, [she] is not indigent for the purpose of securing the necessary transcripts to exercise her state right to an appeal, but she is indigent for the purpose of

4

state in this case has purposely prevented [her] from exercising her constitutional right to appeal." *Id.* at 33.

Her primary ground for habeas relief[4] is that "[t[he State of Oklahoma has denied . . . her rights under the Fourteenth Amendment to the United States Constitution by denying her equal justice and access to the courts by reason of her indigence." *Id.* at 36.[5] At various points in her petition, she asks this Court to:

- vacate her conviction and remand for a new trial or, in the alternative, reverse the trial court's "determination that [she] is not

making monthly payments to the District Court of Greer County." Doc. 1, at 28.

[4] Petitioner also seeks review of the forty issues raised in her Petition in Error before the OCCA. Doc. 1, at 43-62.

[5] Petitioner was in state custody for a three-week period after the OCCA denied her request for a transcript at state expense. Doc. 1, at 23 & Ex. 18. She was also in custody when she received the OCCA's March 26, 2012 order directing her counsel to show cause why her appeal should not be dismissed because the transcripts had not been received. Doc. 1, at 24 & Ex. 22. Petitioner, however, did not attempt to bring any challenge in this Court, seeking, for example, to be excused from a failure to exhaust her state remedies because the state corrective process was ineffective under the circumstances of her case or by asserting an independent due process claim and raising the same issues she now urges after her custody has ended. *See generally Vreeland v. Davis*, 543 F. App'x 739, 741-42 (10th Cir. 2013) (citing *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011)). Instead, she explains that on March 26, 2012, "[b]ecause the Supreme Court of Oklahoma has superintending control over all lower courts pursuant to the Oklahoma Constitution," she chose to ask that Court to assume original jurisdiction and "conduct an independent review of [her] case." Doc. 1, at 23.

5

- indigent and not entitled to a transcript at public expense and allow her to appeal her conviction," *id.* at 17;

- order that her trial transcript be prepared at public expense and "order Oklahoma Appellate Courts to review the conviction on a time schedule to be reset which would allow [her] counsel adequate time to prepare her briefs in support of her appeal," *id.* at 18; and

- "issue a writ contingent on the State providing a transcript at public expense." *Id.* at 43.

C. **Procedural background.**

United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The undersigned examined the petition and ordered a response. Doc. 8. Respondents filed a Motion to Dismiss Petition as Petitioner is No Longer in Custody on Her Conviction and a supporting brief. Docs. 10, 11. Petitioner responded. Doc. 12. After careful review, the undersigned recommends dismissal of the petition for lack of jurisdiction.

III. **Analysis.**

The Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 491.

"While [the Court has] very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492.

So what then constitutes a restraint severe enough on one's individual liberty to satisfy the in custody requirement? Petitioner maintains that the "threat of instant incarceration," along with her inability to vote; sit on a jury; run for public office for fifteen years; be employed by the State; bear arms; or be employed as a professional in certain fields hit the mark. Doc. 1 at 29, 33-34.

In examining § 2254's jurisdictional custody requirements, the Tenth Circuit recently considered whether a petitioner's "ongoing registration obligations under Colorado's Sex Offender Registration Act" satisfied jurisdictional muster. *Calhoun,* 745 F.3d at 1072. The district court had determined that Mr. Calhoun, whose probation was terminated in February 2007, was not in custody for the purpose of § 2254 and dismissed his September 2012 habeas petition for lack of jurisdiction. *Id.* The Tenth Circuit affirmed the dismissal.

In considering an argument resonant of Petitioner's contention that her "threat of instant incarceration for payment of court costs" is sufficient to meet the custody requirement, the Tenth Circuit indicated otherwise. *See* Doc. 1, at

29.[6] Mr. Calhoun argued "that he can be taken into custody if he violates the [sex-offender] registration requirements." 745 F.3d at 1074. The Tenth Circuit, however, "agree[d] with the courts holding that the future threat of incarceration for registrants who fail to comply with the sex-offender registration statutes is insufficient to satisfy the custody requirement." *Id.* (internal quotation marks and brackets omitted). The possibility that the Greer County District Court would incarcerate Petitioner for nonpayment of costs is speculative and equally "insufficient to satisfy the custody requirement." *Id.*; *see also Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) ("We agree with the district court that the payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes.") (internal quotation marks and citation omitted).

Petitioner's fares no better relying on the remaining circumstances that she purports restrict her liberty. The *Calhoun* court cataloged specific "circumstances that have been held to be collateral consequences of conviction, rather than a restraint on liberty": the inability to vote, engage in certain

---

[6] Petitioner points to the trial court's order setting the cost hearing and advising Petitioner that her "[f]ailure . . . to appear at this hearing will result in a bench warrant being issued for [her] arrest." Doc. 1, Ex. 3. The actual order for the payment of costs does not include this language. *Id.* at Ex. 4.

8

businesses, hold public office, and serve as a juror; the revocation of a driver's license; the revocation of a medical license or of a license to practice law; and disqualification from work as a real estate broker and insurance agent. 745 F.3d at 1073-74. These "circumstances" mirror those that Petitioner argues are "significant and sufficient for th[is] Court to consider her 'in custody' for purposes of Section 2254." Doc. 1, at 34. "[T]he collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement." 745 F.3d at 1073 (internal quotation marks omitted). Petitioner's "circumstances" are merely the "collateral consequences of [her] conviction, rather than a restraint on [her] liberty," and they fail to satisfy the custody requirement of § 2254. *Id.* Petitioner cannot demonstrate consequences that impose a severe restriction on her freedom, so she cannot satisfy § 2254's custody requirement. *See id.* at 1074.

## IV. Recommendation and notice of right to object.

For the reason that Petitioner was not in custody when she filed her petition, this Court lacks the jurisdiction to consider its merits, and the undersigned recommends the dismissal of the petition without prejudice.

Petitioner can object to this report and recommendation. To do so, she must file an objection with the Clerk of this Court by September 18, 2014, in

9

accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 3rd day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE