# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BOBBI LOUAINE PARKER,      )
                                    )
     Petitioner,            )
                                    )
v.                           )      Case No. CIV-13-1295-R
                                    )
RICHARD DARBY, District Judge   )
of Greer County, Oklahoma; and    )
E. SCOTT PRUITT, Oklahoma     )
Attorney General,             )
                                    )
     Defendants.         )

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered September 3, 2014. Doc. No. 13. Petitioner has filed an Objection to the Magistrate Judge's conclusions in the Report and Recommendation. Doc. No. 21. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

## Background

Petitioner was convicted of Assisting Prisoner to Escape in the District Court of Greer County, Oklahoma and sentenced to one year in prison. Doc. No. 1, at 18-19. She was released from custody on April 5, 2012. Doc. No. 1, at 16. On December 9, 2013, when Petitioner was no longer in the physical custody of the State, she filed a petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus. Doc. No. 1, at 1, 29. She challenges her conviction for numerous reasons. *See id.* at 43. Her primary claim, however, is that the State violated the Fourteenth Amendment by finding that she was not

indigent for purposes of paying for a trial transcript, thus requiring her to pay over $60,000 for her transcript should she choose to appeal her conviction. *Id.* at 36-42; Doc. No. 21, at 3. The Oklahoma Court of Criminal Appeals dismissed Petitioner's appeal because she did not submit the transcript. Doc. No. 1, Ex. 26, at 2, 6.

Section 2254 authorizes a petitioner to apply for a writ of habeas corpus when she is "in custody pursuant to the judgment of a State court … in violation of the Constitution or laws or treaties of the United States." § 2254(a). "The custody requirement is jurisdictional," *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (citation omitted), and must be satisfied "at the time the habeas petition is filed." *Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014) (citation omitted). But Petitioner need not be in "actual, physical custody to obtain relief." *Id.* (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam)). The custody requirement is satisfied if the conviction "has subjected the petitioner to 'severe restraints on [his or her] individual liberty.'" *Id.* (quoting *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)).

## Severe Restraint on Liberty

Petitioner argues that she is "in custody" because her conviction has subjected her to "severe restraints on her individual liberty." Doc. No. 21, at 10. She alleges that she must pay $100 per month in court costs and that she is "under the threat of being jailed" if she does not pay. Doc. No. 1, at 16. Petitioner also lists the following consequences of her conviction: she is "unable to vote; sit on a jury; run for public office for fifteen years; be employed by the state; bear arms; or be employed as a professional in many different

fields." *Id.* at 33-34 (citations omitted). Petitioner also lost her job as a teacher as a result of her conviction. *Id.* at 34.

First, the requirement that Petitioner pay $100 per month in court costs does not satisfy the custody requirement. The Tenth Circuit has held that "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (citations omitted) (quoting *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003)).

Second, a threat of incarceration for not paying court costs does not render Petitioner "in custody" under § 2254. In a case involving a petitioner required to register as a sex offender, the Tenth Circuit held that "the future threat of incarceration for registrants who fail to comply with the [sex-offender registration] statute[s] is insufficient to satisfy the custody requirement." *Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014) (quoting *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008)). A threat of incarceration for failing to register as a sex offender is analogous to a threat of incarceration for failing to pay court costs for purposes of determining whether Petitioner is in custody.

Finally, the remaining collateral consequences Petitioner lists do not impose such a significant restraint on her liberty as to render her "in custody." In *Maleng v. Cook*, 490 U.S. 488, 492 (1989), the Supreme Court noted that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas

attack upon it." The consequences the Court was referring to were the "inability to vote, engage in certain businesses, hold public office, or serve as a juror." *Id.* at 491-92. The only consequence Petitioner alleges that is not encompassed within those explicitly referenced in *Maleng* is the right to bear arms. But the Court does not view this right as any more of a "severe restriction on [Petitioner's] freedom" than the right to vote or the right to earn a living in a particular profession. *See id.* at 1074. None of the consequences Petitioner alleges impose a "severe restraint" on her liberty, and are thus insufficient to render her "in custody" under § 2254.

### *Lackawanna*

Petitioner argues in the alternative that the Supreme Court established an exception to the custody requirement in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001). She contends that *Lackawanna* established an exception to the "in custody" requirement when petitions "challenge an 'expired' sentence where Counsel was not appointed in violation of the Sixth Amendment." Doc. No. 21, at 6. She then argues that "The Denial of [her] right to a transcript at public expense in her first appeal of right is tantamount to denial of counsel." *Id.*

Contrary to Petitioner's contention, *Lackawanna* did not establish an exception to the custody requirement. The Court noted the following about the petitioner's ability to challenge a prior conviction: "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." *Lackawanna*, 532 U.S. at 401. Its holding applies directly to the present petition: "[W]e hold that once a state conviction is no longer open to direct or

collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403.

The exception *Lackawanna* established to the above holding applies only when "an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404; *see also Alexander v. Attorney Gen. of Colorado*, 515 F. App'x 746, 750 (10th Cir. 2013) (unpublished op.) ("[I]is undisputed that Alexander completed the sentences imposed in connection with those convictions and thus is no longer 'in custody' under the 1995 judgment. Consequently, the only way for Alexander to satisfy § 2254's 'in custody' requirement is to treat his current sentence as the sentence being challenged in his federal habeas petition." (citing *Lackawanna*, 532 U.S. at 401)).

Therefore, Petitioner's reliance on *Lackawanna* is misplaced because she is not challenging a separate conviction for which she is currently in custody. Instead, she alleges that she is suffering from adverse collateral consequences that resulted from her conviction. Accordingly, Petitioner can appeal neither to the ineffective assistance of counsel exception in *Lackawanna*, nor to the exception recognized by a plurality of the Court and by the Tenth Circuit when "a petitioner has, through no fault of his own, no means of obtaining 'timely review of a constitutional claim.'" *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Lackawanna*, 532 U.S. at 405).

## **"Miscarriage of Justice" Exception**

Petitioner also argues that because "[t]his case is a miscarriage of justice," she is entitled to habeas relief. Doc. No. 21, at 6. The "miscarriage of justice" exception, however, does not apply in this case. A state prisoner must exhaust all state court remedies before filing a § 2254 petition. § 2254(b)(1)(A). If she procedurally defaults on her state court remedy, "federal habeas review … is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This exception applies only to the requirement that Petitioner exhaust all state court remedies; it is not an exception to the custody requirement.

## **Conclusion**

Because Plaintiff was not in physical custody at the time of filing, did not establish a severe restraint on her liberty as a result of her conviction, and was unable to demonstrate that she is entitled to an exception to the custody requirement, the Court finds that she is not "in custody" as required by § 2254. Accordingly, the Court lacks jurisdiction over her petition.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED, as supplemented herein, and Respondents' Motion to Dismiss [Doc. No. 10] is GRANTED. Petitioner's Motion to Continue All Deadlines Due to Discovery [Doc. No. 16] and Application to Conduct Discovery [Doc. No. 20] are

therefore moot, and Petitioner's Motion for Leave to Amend Petition [Doc. No. 15] is futile.

IT IS SO ORDERED this 26th day of September, 2014.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE